# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wm. J. Lawson
Secretary of State
Austin, Texas

Dear Mr. Lawson:

Opinion No. O-4796

Re: Construction of Articles
1529 et seq. Revised Civil
Statutes of Texas with re-
spect to the renewal of a
permit of a foreign corpora-
tion to do business in the
State where the application
is made by a receiver of
such corporation, rather
than the officers named in
Article 1531.

We beg to acknowledge receipt of your request for
an opinion from this Department, as follows:

"We are presented with an application for
the renewal of the permit of the above caption-
ed corporation to do business in Texas. This
application is submitted by Mr. F. M. Petree,
Receiver of such corporation and as a basis for
his authority filed with said application a de-
cree of the United States District Court for
the Western District of Oklahoma which is sign-
ed by the Honorable Bower Broaddus, United
States District Judge.

"Obviously this corporation can not comply
with Article 1531 in the Statutes which requires
that said application shall be submitted in af-
fidavit form by its President, Vice President,
Secretary or Treasurer or two of the directors
thereof that such corporation has not violated
the Anti-Trust Laws of Texas, etc.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"It would appear from the papers composing this application for permit that the corporation has no officers and no directors, that they have been superseded by a Receiver appointed by the court.

"It will be appreciated if you will advise us whether or not the provisions of Chapter 19 which prescribes the procedure for the admission of foreign corporations to do business in Texas is mandatory to the extent that applications and affidavits should be made strictly in accordance with the statute beginning with Article 1529 or whether or not the substitution of a Receiver for the authorized officers would be permissible under the provisions of said Chapter 19 of the R. C. S."

Article 1531 of the statutes reads as follows:

"Before a permit is issued to such corporation, its president, vice president, secretary or treasurer, or two of the directors thereof, shall make and file in the office of the Secretary of State an affidavit stating that such corporation is not a trust or organization in restraint of trade in violation of the laws of this State, has not, within twelve months next preceding the making of such affidavit, become or been a party to any trust agreement of any kind which would constitute a violation of any anti-trust law of Texas existing at the date of such affidavit, and has not within that time, entered into or been in any wise a party to, any combination in restraint of trade within the United States, and that no officer of such corporation has, within the knowledge of affiant, within such time and on behalf of such corporation or for its benefit, made any such contract, or entered into or become a party to any such combination in restraint of trade. The jurat of the officer making such affidavit shall be attested by his official signature and seal of office."

841

This Article is mandatory upon you to the extent, at least, that there should be a substantial compliance therewith. In the instant case there has been no substantial compliance in this: The affidavit prescribed by the statute has not been executed by any of the persons named in the statute, but, on the contrary, has been executed by a receiver appointed by the District Court of the domicile of the corporation.

Moreover, obviously, the statute of permits contemplates the foreign corporation as a going concern, in the normal discharge of its corporate duties and powers through the usual and ordinary agencies -- that is, its directors and officers -- and not a concern in liquidation, or even in the hands of the court through a receiver for any purpose whatsoever. We need not put our answer upon this specific ground, however, since the one first stated is entirely sufficient. You are, therefore, respectfully advised that it is not your duty to issue the renewal permit requested.

Very truly yours

ATTORNEY GENERAL OF TEXAS,

by

Gaie Spear
Assistant

GS-MR

